No. 53800.—Carlos Armstrong e Hijos Sucrs., Inc. v. United States, petition 6674–R (San Juan).

Opinion by MOLLISON, J. The president of the petitioning corporation testified that he ordered the feed through a Puerto Rican company which owned and controlled the Dominican exporting firm; that the price as given to him personally by the president of the said Puerto Rican company was $3.50 per bag of 100 pounds; and that he had no reason to suspect that the $3.50 price was abnormal. Appraisement was later made at a value of $3.80 per 100 pounds, net, packed. From the entire record the court was satisfied that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

COLE, J., concurring.

No. 53801.—United Mercantile & Shipping Co. v. United States, petition 6675–R (San Juan).

Opinion by MOLLISON, J. The owner of the petitioner testified that the order for the merchandise was placed by him at prices quoted in a price list sent to his company by the Haitian exporter. It also appeared that prior to entry he made a personal visit to Haiti, checking the prices there, and visited the American consul to obtain what further information he could from that source concerning prices for such merchandise. On the record presented the court was satisfied that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

COLE, J., concurring.

No. 53802.—Ballester Hermanos, Inc., Successors to Ballester Hermanos v. United States, petition 6677–R (San Juan).

Opinion by MOLLISON, J. The vice president of the petitioning corporation testified that the entered value represented the price at which the merchandise was quoted by cable to him prior to purchase; that neither at the time of entry nor subsequently was he able to obtain any information from Cuba indicating any other value for the merchandise; and that such information as he was able to obtain supported the entered value. From the entire record the court held that entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

COLE, J., concurring